UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80740-CIV-MARRA

SAMUEL ROGATINSKY,

Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE
COMPANY,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff Samuel Rogatinsky's Motion for Remand (DE 5). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On May 15, 2009, Defendant Metropolitan Life Insurance Company ("Defendant") filed a Notice of Removal of an action pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. (DE 1.) Plaintiff Samuel Rogatinsky's ("Plaintiff") Complaint, which was filed on March 25, 2009, alleges damages greater than $15,000.00 and less than $75,000.00 exclusive of costs and attorney's fees.[1] (Compl. ¶ 1, attached to DE 1.) Plaintiff is a citizen of Florida and Defendant is a citizen of the state of New York. (Notice of Removal ¶¶ 4-5.)

The one-count Complaint brings a claim for breach of contract arising out of a policy for

---

[1] In addition, the Complaint also states that Plaintiff seeks attorney's fees pursuant to Florida Statute § 627.428. (Compl. ¶ 12.)

disability insurance. (Compl. ¶ 2; Notice of Removal ¶ 4.)  According to the Complaint, Defendant has paid Plaintiff 50% of the total benefits available under the insurance policy and had not paid the benefits due and owing under the Policy. (Compl. ¶ 10.)  The Notice of Removal states that the insurance policy provides for payment of $10,000.00 per month in benefits in the event of total disability under the terms of the policy. (Notice of Removal ¶ 2.)

The parties agree that the only issue for the Court to decide is whether the amount in controversy exceeds $75,000.00.  In moving to remand, Plaintiff states that the Notice of Removal is insufficient to establish the amount in controversy because it does not state how many months Defendant paid Plaintiff the $5,000.00 benefit.  Furthermore, Plaintiff argues that attorney's fees for purpose of establishing the jurisdictional amount are determined at the time of removal.  Plaintiff also seeks attorney's fees and costs associated with the filing of the instant motion.  In response, Defendant contends that, with respect to attorney's fees, the Court must consider the amount Plaintiff would be awarded should he prevail after trial, and not simply the fees incurred through the filing of the Complaint.

II.  Discussion

When a defendant removes a case but the exact amount of damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  In the Eleventh Circuit, a Court must "review the propriety of removal on the basis of the removing documents." Lowery, 483 F.3d at 1211.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id.  Specifically, the Court "considers the document received by the defendant

from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Id. at 1213; see also Lindsey v. Alabama Telephone Co., 576 F.2d 593, 594 (5th Cir. 1978)[2] ("We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount."). If the evidence is insufficient to establish the Court's jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Lowery, 483 F.3d 1214-15; see also Lindsey, 576 F.2d at 595.

Furthermore, "[i]n determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (internal quotation marks omitted). With respect to disability claims, the amount in controversy is the amount of benefits accrued at the institution of the action; i.e., the date the complaint was filed. See Klein v. John Hancock Mutual Life Ins. Co., 683 F.2d 358, 361-62 (11th Cir. 1982); Waltemyer v. Northwestern Mutual Life Ins. Co., No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *1 (M.D. Fla. Feb. 2, 2007); Aetna Life Ins. Co. v. Smith, 345 So. 2d 784 (Fla. Dist. Ct. App. 1977).

Likewise, for jurisdictional purposes, the amount of attorney's fees are calculated at the time of removal. Waltemyer, 2007 WL 419663, at *2; cf. Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000), overruled on other grounds, Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007) (if a court has subject matter jurisdiction at the

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

time of removal, a post-removal amendment to the complaint would not divest the court of jurisdiction).  This is in contrast to the rule applied in actions originally filed in federal court; namely, that attorney's fees through the conclusion of the litigation may be considered in determining the amount in controversy.  See Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1265 (11th Cir. 2000).

Based on the foregoing, the Court finds that the Notice of Removal fails to adequately establish the jurisdictional amount in controversy.  Although the Notice of Removal provides that Defendant has paid Plaintiff $5,000.00 per month in disability benefits, Defendant did not state in its Notice of Removal the number of months that Plaintiff had received that amount in benefits.  Nor did Plaintiff's state court complaint, which was attached to the Notice of Removal, provide that information.  Thus, Defendant did not carry its burden as required under Lowery and remand is therefore appropriate on this basis.[3]

Although the Court could grant the motion for remand on that basis alone, the Court will address Defendant's argument that the motion for remand should be denied because attorney's fees must be included in the amount in controversy for purposes of diversity jurisdiction. Specifically, Defendant argues that the amount of attorney's fees at issue is what Plaintiff would

---

[3] The Court notes that Plaintiff affirmatively states that the benefits at issue in this case for the purpose of diversity jurisdiction are $49,833.71. In other words, Plaintiff states that his benefits began to accrue on May 28, 2008 and ended on the date the lawsuit was filed, March 25, 2009.  (Mot. at 6.)  Using those same dates, Defendant estimates it paid Plaintiff $50,000.00. (Resp. at 3.)  The Court cannot consider this figure provided by Defendant.  Under Lowery, Defendant is limited to providing the jurisdictional amount in the removing documents.  In contrast, the Court may consider Plaintiff's admission that the benefits are worth $49,833.71.  Cf. Lowery, 483 F.3d at 1218 n.75 (a court has the inherent power to question plaintiff's counsel in open court about the value of plaintiff's claim); see infra n.5 (to the extent this figure would come into play with respect to a determination of attorney's fees).

be awarded should Plaintiff prevail after trial.  Defendant hypothesizes that it would be inconceivable to take this case through a jury trial and judgment for under $25,000. (Resp. at 5.) On the other hand, Plaintiff argues that attorney's fees are determined at the time of removal and that Plaintiff's attorney's fees as of the date of removal were $717.50.  (Mot. at 7.)

Attorney's fees only count towards the amount in controversy if they are recoverable by statute or contract.  Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003); Graham v. Henegar, 640 F.2d 732, 736 (5th Cir. 1981).  Here, Plaintiff seeks attorney's fees pursuant to Florida Statute § 627.428.  (Compl. ¶ 12.)  The Court adopts the reasoning of Waltemyer in holding that post-removal events, such as the subsequent generation of attorney fees, will not retroactively establish subject-matter jurisdiction.  Waltemyer, 2007 WL 419663, at * 2; cf Poore, 218 F.3d at 1290-91.[4]  Based on Defendant's failure to establish that the necessary amount in controversy was established as of the date of removal, the Court grants Plaintiff's motion for remand.[5]

---

[4] The Court is not persuaded by Defendant's citation to Howard v. Global Life Ins. Co., 973 F. Supp. 1412 (N.D. Fla. 1996) or Hall v. Travelers Ins. Co., 691 F. Supp. 1406 (N.D. Ga. 1988). (Resp. at 4.)  Howard held that attorney's fees may be considered in the aggregate to establish the requisite amount in controversy.  Howard, 973 F. Supp. at 1421.  However, in Morrison, the Eleventh Circuit held that the amount of attorney's fees may not be aggregated to establish the amount in controversy and must instead be attributed *pro rata*.  Morrison, 228 F.3d at 1268.  Furthermore, neither Howard nor Hall provide reasoning that the Court chooses to adopt over Waltemyer.

[5] The parties also quibble over various aspects of Plaintiff's attorney's fee; namely, whether Plaintiff's attorney's fees would fall between 25 to 40 of the judgment amount, whether the fee would include a contingency fee multiplier, whether the Court should consider a maximum contingency fee or a reasonable contingency fee, or Plaintiff's claimed $350.00 hourly billing rate.  Given that the Court is only considering the amount of attorney's fees generated as of the date of removal, the Court need not resolve these questions.  The Court does, however, note that to the extent any of these questions would be a close call, any uncertainty would be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994).

Lastly, the Court denies Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) associated with the filing of this motion. The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Frankling Capital Group, 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal." Id. at 140-41. Here, the Court notes that Defendant's legal arguments were colorable and reasonable, especially given the paucity of caselaw regarding how attorney's fees should be calculated in removal cases. Cf. Letner v. Unum Life Ins. Co. of Am., 203 F. Supp .2d 1291, 1302 (N.D. Fla. 2001) (awarding attorney's fees and costs when case was removed without scintilla of legitimate evidence). Moreover, the Court finds that Defendant did not remove the case for the purpose of prolonging litigation or imposing costs. Therefore, an award of attorney's fees and costs is not warranted.

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Samuel Rogatinsky's Motion for Remand (DE 5) is **GRANTED**.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  All

pending motions are denied as moot and the clerk shall close this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of October, 2009.

_____
KENNETH A. MARRA
United States District Judge